UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Magistrate Case No. |
| | ) | **08 MJ 2047** |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR VIOLATION OF: |
| v. | ) | |
| | ) | Title 8 U.S.C., Sec. 1324 (a)(1)(A)(ii) |
| **Renee GONZALES-Rubio,** | ) | Transportation of Illegal |
| | ) | Aliens |
| | ) | |
| Defendant(s) | ) | |

The undersigned complainant, being duly sworn, states:

On or about **July 4, 2008,** within the Southern District of California, defendant **Renee GONZALES-Rubio** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Juan De Dios GARCIA-Ramirez, Jose Del Carmen MENDOZA-Hernandez, and Hilario DELUNA-Cervantes** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **7th** DAY OF **JULY, 2008**

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Renee GONZALES-Rubio

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Juan De Dios GARCIA-Ramirez, Jose Del Carmen MENDOZA-Hernandez, and Hilario DELUNA-Cervantes** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On July 4, 2008, at approximately 12:30 a.m., Border Patrol Agent R. Rojas was on his way to the Tecate, California Port of Entry for his assigned duties. As Agent Rojas departed the State Rout 94 (SR-94) Border Patrol Checkpoint and proceeded eastbound on State Route 94, he noticed a white Chevrolet Suburban stopped on the westbound shoulder of SR-94. This area is located approximately seven miles north and thirteen miles west of the United States/Mexico International boundary.

As Agent Rojas came closer he noticed several individuals exiting the vehicle and running northbound into an open field. It is common for vehicles to drop off illegal aliens in this area in order to circumvent the Border Patrol Checkpoint. The vehicles will then attempt to pick up the group at a destination west or north of the checkpoint and continue their route of travel.

Agent Rojas then stopped his vehicle and ran over to the vehicle. When Agent Rojas approached the Chevrolet Suburban, he observed a female, later identified as the defendant **Renee GONZALES-Rubio**, sitting in the driver's seat. Border Patrol Agent L. Rubio arrived on scene and secured the defendant while Agent Rojas gave chase to the individuals he observed exiting the vehicle. After a short chase Agent Rojas was able to apprehend thirteen individuals approximately 20 yards from the vehicle. Agent Rojas identified himself as a Border Patrol Agent in both the English and Spanish language. Agent Rojas then questioned each individual as to their citizenship and legal right to be in the United States. All thirteen individuals stated they are citizens of Mexico. When asked if they had any immigration documents that would allow them to remain in the United States legally, each individual stated they were not in possession of any immigration documents that would allow them to be in the United States legally. Agent Rojas placed all thirteen individuals under arrest and had them transported to the 94 Checkpoint for processing. Agent Rojas returned to the Chevrolet Suburban and placed the defendant under arrest for possible alien smuggling and transported her to the 94 Checkpoint for processing.

**CONTINUATION OF COMPLAINT:**
Renee GONZALES-Rubio

### DEFENDANT STATEMENT:

The defendant **Renee GONZALES-Rubio** was advised of her Miranda Rights in the English language which she understood and was willing to make a statement without the presence of an attorney. GONZALES stated that she was born in and a citizen of the United States. GONZALES stated that on July 3, 2008 she was approached by a man at the Golden Acorn Casino in Jacumba, California. She stated that this man asked her if she was interested in making some extra money by providing a ride for some of his co-workers. GONZALES stated that she accepted his offer and was told he would pay her $300.00 for her work. GONZALES stated that this man then gave her a set of keys to the white Suburban which was parked in the Golden Acorn Casino parking lot. GONZALES stated that she was told she would receive a telephone call with further instructions once she started driving. GONZALES stated that once she made her way to I-94 someone would signal for her to stop. GONZALES stated someone entered the roadway and waved for her to stop. GONZALES stated that person then whistled and numerous people ran up to the vehicle and began to enter. GONZALES then drove for approximately 4 minutes and then pulled to the side of the road at which time she was encountered by the Border Patrol. GONZALES stated that she had a feeling what she was doing was against the law and that she should have known better but she needed the money. When questioned about the alienage of the people in the vehicle, GONZALES stated that she thought they were more than just co-workers and that they might be illegal aliens.

### MATERIAL WITNESSES STATEMENTS:

Material witnesses **Juan De Dios GARCIA-Ramirez, Jose Del Carmen MENDOZA-Hernandez, and Hilario DELUNA-Cervantes** agree in summary that they are citizens and nationals of Mexico and do not have any immigration documents that would allow them to be in the United States legally. The material witnesses stated that they were to pay $2,000.00 (USD) to be smuggled into the United States.

**Executed on July 5, 2008 at 10:00 a.m.**

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **July 4, 2008**, in violation of Title 8, United States Code, Section 1324.

_____          7/5/08, 1238 hrs
William McCurine Jr.                Date/Time
United States Magistrate Judge