1  SCHROTH & SCHROTH
   ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2  2044 First Avenue, Suite 200
   San Diego, California 92101
3  Telephone: (619) 233-7521
   Facsimile:  (619) 233-4516
4
   Attorney for Material Witnesses, Hilario Deluna-Cervantes, Juan De Rios Garcia-Ramirez, and
5
   Jose Mendoza-Hernandez
6

7
                       **UNITED STATES DISTRICT COURT**
8
                       **SOUTHERN DISTRICT OF CALIFORNIA**
9
                       (Hon. WILLIAM MCCURINE JR.)
10

11

12 | UNITED STATES OF AMERICA, | ) | Criminal Case No.:   08cr2347BEN
   |                          | ) | Magistrate Case No.:  08mj2047
13 |         Plaintiff,       | ) |
   |                          | ) |
14 |         vs.              | ) | **MOTION FOR MATERIAL WITNESS**
   |                          | ) | **VIDEOTAPED DEPOSITION**
15 |                          | ) |
   | RENEE GONZALES-RUBIO,    | ) | Date:   August 5, 2008
16 |                          | ) | Time:   9:30 a.m.
   |         Defendants.      | ) | Judge:  Hon. William McCurine Jr.
17 |_____| ) |
                                )
18
       **TO UNITED STATES ATTORNEY KAREN P. HEWITT, ASSISTANT UNITED**
19
   **STATES ATTORNEY MICHELLE PETITE; TO ATTORNEY FOR DEFENDANT,**
20
   **RENEE GONZALES-RUBIO; SAMANTHA MANN.**
21
22      NOTICE IS HEREBY GIVEN that on August 5, 2008, at 9:30 a.m., or as soon

23 thereafter as the matter may be heard, in the courtroom of Honorable Judge William McCurine

24 Jr. of this court, located at 940 Front Street, San Diego, California, 92101, Material Witnesses,

25 Hilario Deluna-Cervantes, Juan De Rios Garcia-Ramirez, and Jose Mendoza-Hernandez by and

26 through their attorney of record, Robert E. Schroth, Jr., will move the court for an order

27

28 authorizing the videotaped depositions of both material witnesses.

1   The motion will be made on the ground that there is good cause for the order requested
2   in that the material witnesses know of no sureties in this country who will bond them out of U.
3   S. Marshall's custody, where they are being held at El Centro detention facility located in El
4   
5   Centro, California during the pendency of this matter.  Neither the interests of justice nor the
6   convenience of the parties and witness will be served by requiring the material witnesses to
7   remain in the MCC until the matter is concluded.

DATED:  July 22, 2008                               **SCHROTH & SCHROTH**

                                                    By:____s/ Robert E. Schroth, Jr._____
                                                        ROBERT E. SCHROTH, JR,
                                                        Attorney for Material Witnesses

MOTION FOR MATERIAL WITNESS VIDEOTAPED DEPOSITION

U. S.  v. Gonzalez-Rubio
08 cr 2347

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCHROTH & SCHROTH
ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2044 First Avenue, Suite 200
San Diego, California 92101
Telephone: (619) 233-7521
Facsimile:  (619) 233-4516

Attorney for Material Witnesses, Hilario Deluna-Cervantes, Juan De Rios Garcia-Ramirez, and Jose Mendoza-Hernandez

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

(Hon. WILLIAM MCCURINE JR.)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RENEE GONZALES-RUBIO,<br><br>   Defendants. | Criminal Case No.:  08cr2347BEN<br>Magistrate Case No.:  08mj2047<br><br>**DECLARATION OF ROBERT E. SCHROTH IN SUPPORT OF MATERIAL WITNESSES MOTION FOR A VIDEOTAPE DEPOSITION**<br><br>Date:   August 5, 2008<br>Time:   9:30 a.m.<br>Judge:  Hon. William McCurine Jr. |

I the undersigned, declare as follows:

   1.   My name is Robert E. Schroth Jr., and I am the attorney of record for Hilario Deluna-Cervantes, Juan De Rios Garcia-Ramirez, and Jose Mendoza-Hernandez**,** the material witnesses in the above-captioned matter.  I am an attorney duly licensed to practice law in the State of California and am admitted to practice before the United States District Court for the Southern District of California.

   2.   On July 8, 2008**,** I was appointed to represent the material witnesses in the above-captioned matter.  As a Material Witness attorney, one of my primary responsibilities is to help arrange the release of the material witness from the custody of the U.S. Marshal and MCC as soon as practicable.  To that end, I immediately conducted interviews with the Material Witnesses, through a certified Spanish language interpreter to explain why they were being held

and under what conditions they could be released. I informed the Material Witnesses that the most expedient way to be released is by having a personal surety post a court approved appearance bond. I explained on two separate occasions that a personal surety would have to agree to sign a $5,000.00 appearance bond, post $500.00 cash with the court, and agree to allow the Material Witnesses to stay with the surety or a family member pending final disposition of the case. Unfortunately, the witnesses do not know anyone who lives in the United States who is willing and able to post the bonds for them.

3.   Prior to filing this motion I contacted the attorneys of record in this case and requested that they stipulate to the taking of the videotaped deposition of the material witnesses, however, the Federal Defenders informed me that they would not stipulate.

4.   I am not aware or have not been informed of any reason in this case why the Material Witnesses' testimony can not be adequately secured by deposition by either the government or the defendant's attorney. To the contrary, compelling reasons exists for the release of the material witnesses as continued detention will cause a hardship on the material witnesses and their family. Jose Mendoza-Hernandez has a wife, a four year old girl, and an eight year old boy back in Mexico who depend on him for their support. Hilario Deluna-Cervantez has a large family including a very ill mother and many brothers who have been relying on him as the primary breadwinner for years. Juan Garcia-Ramirez also has a large family including a newborn baby that will fall on hard times if he is not given the opportunity for release and to return to work.

5.   The Material Witnesses are more than willing to discuss everything they know about this case with both the defense and government investigators. The fact is, however, there are only a few facts relevant to this case which the material witnesses are competent to testify:

- 2 -

1  i.e. (a) his citizenship, (b) who might have transported the witness, and (c) whether the witness
2  agreed to pay anyone.  According to preliminary interviews, all of the facts relevant to this case
3  in the material witnesses' knowledge took place over a very short period of time.

5      6.    I explained the general procedure for videotape depositions to the witnesses and
6  explained that, if they were released after the depositions, they may have to return to testify at
7  trial if subpoenaed by the government or defendant.  The witnesses indicated they are willing to
8  return if arrangements for their legal re-entry could be made and travel expenses provided.

     I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed in San Diego, California on July 22, 2008.

**SCHROTH & SCHROTH**


By: s/Robert E. Schroth Jr.
    ROBERT E. SCHROTH, JR,
    Attorney for Material Witness

- 3 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v. Gonzales-Rubio.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  SCHROTH & SCHROTH
   ROBERT E. SCHROTH, JR, ESQ. (SBN 212936)
2  2044 First Avenue, Suite 200
   San Diego, California 92101
3  Telephone: (619) 233-7521
   Facsimile:  (619) 233-4516
4
   Attorney for Material Witnesses, Hilario Deluna-Cervantes, Juan De Rios Garcia-Ramirez, and
5  Jose Mendoza-Hernandez

6                          **UNITED STATES DISTRICT COURT**

7                          **SOUTHERN DISTRICT OF CALIFORNIA**

8                                (Hon. WILLIAM MCCURINE JR.)

9

10 UNIGED STATES OF AMERICA,        )   Criminal Case No.:   08cr2347BEN
                                    )   Magistrate Case No.: 08mj2047
11                                  )
         Plaintiff,                 )   **POINTS AND AUTHORITIES IN**
12                                  )   **SUPPORT OF MATERIAL WITNESSES**
                                    )   **MOTION FOR VIDEOTAPE**
13    vs.                           )   **DEPOSITION AND REQUEST FOR**
                                    )   **STATEMENT OF REASONS IN**
14 RENEE GONZALES-RUBIO,            )   **SUPPORT OF CUSTODY**
                                    )
15       Defendants.                )   Date:   August 5, 2008
                                    )   Time:   9:30 a.m.
16 _____  )   Judge:  Hon. William McCurine Jr.

17        **TO UNITED STATES ATTORNEY, KAREN P. HEWITT, ASSISTANT UNITED**

18 **STATES ATTORNEY, MICHELLE PETITE; TO ATTORNEY FOR DEFENDANT,**

19 **RENEE GONZALES-RUBIO; SAMANTHA MANN.**

20        Material Witnesses, Hilario Deluna-Cervantes, Juan De Rios Garcia-Ramirez, and Jose

21 Mendoza-Hernandez, (hereafter "Material Witnesses") by and through their counsel, Robert E.

22 Schroth Jr., submit the following Memorandum of Points and Authorities in support of their

23 motion to take the videotaped depositions.

- 1 -
**I.**
POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v.  Gonzales-Rubio
08 cr 2347

**INTRODUCTION**

On or about June 26, 2008, the Material Witnesses were detained by U.S. Border Patrol Agents in connection with the arrest of the above captioned Defendants. The defendants have been charged with illegally bringing in undocumented aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and the Material Witnesses, who were with the defendant at the time of his arrest, have been detained as Material Witnesses under 8 U.S.C. § 1227 (d).

The Material Witnesses are currently being held at the El Centro detention facility in El Centro, California. On July 1, 2008, and again on July 2, 2008 the attorney for the material witnesses was informed by the material witnesses that they knew of no one in this country that could post a bond for them to allow for their release from custody during the pendency of this case.

It is unnecessary to keep the Material Witnesses in the United States because their testimony can be preserved through the use of a videotaped deposition.[1] The Material Witnesses therefore request a court order that their testimony be preserved through the use of videotape depositions and, thereafter, that they be allowed to return to their families in Mexico.

**II.**
**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN CUSTODY**

Title 18, section 3144 of the United States Code Provides:

> No Material Witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

---

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See, Aguilar-Ayala v. Ruiz 973 F. 2d 411, 419 (5th Cir. 1992).

The deposition of the Material Witness may be used at trial in criminal cases, so it is only in *exceptional circumstances,* where the interests of justice will be denied, that a videotape deposition is not appropriate.  See, Torres-Ruiz v. United States 120 F.3d 933 (9th Cir. 1997) [citing Aguilar Ayala v. Ruiz 973 F.2d 411, 413 (5th Cir. 1992) see also 8 U.S.C. § 1324 (d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.  Defendants may be present at the videotape deposition and therefore have a full and fair opportunity to cross-examine the witnesses.  The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans, 400 U.S. 74, 89 (1970).

The government or defendant can effectuate the detention of the material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different.  See, Aguilar-Ayala v. Ruiz 973 F.2d at 413 (5th Cir. 1992), United States v. Humberto Rivera 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case, however, because the Material Witnesses have indicated that they are willing to return for trial if the government makes arrangements for their legal re-entry into the country and provides travel expenses. [2]  (Schroth Decl. At para. 6).

The Material Witnesses should not be detained because their testimony can be adequately secured by depositions.  This is a very routine alien smuggling case.  Based on interviews with the Material Witnesses and the report submitted by the arresting agency, the

---

[2] The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien.  (See, United States v. Eufracio-Torris 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494 U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use food-faith efforts to secure their presence at trial], see also, Ohio v. Roberts, 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Clause and hearsay objections].

3

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v.  Gonzales-Rubio
08 cr 2347

1 facts to which the Material Witnesses are competent to testify are straightforward. (Schroth
2 Decl. At para. 5).

3   Moreover, neither the Material Witnesses nor their counsel, have been informed that the
4 witnesses' detention is necessary to prevent a failure of justice. (Schroth Decl. At para. 4).
5 Quite to the contrary, the witnesses have already spent a considerable time in jail, more than one
6
7 month to the date this motion is to be heard, and it is very important that they be released as
8 soon as possible so that they may be reunited with their family in Mexico who depend on them
9 for their support. (Schroth Decl. At para. 2 and 4.). Jose Mendoza-Hernandez has a wife, a four
10 year old girl, and an eight year old boy back in Mexico who depend on him for their support.
11
12 Hilario Deluna-Cervantez has a large family including a very ill mother and many brothers who
13 have been relying on him as the primary breadwinner for years.   Juan Garcia-Ramirez also has
14 a large family including a newborn baby that will fall on hard times if he is not given the
15 opportunity for release and to return to work.
16
17   For these reasons, the Material Witnesses request that the court immediately order the
18 taking of their videotaped depositions and that they thereafter be immediately returned to
19 Mexico.
20
21 **III.**

22 **IF THE COURT DENIES THE MATERIAL WITNESS' REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY SHOULD HAVE TO REMAIN IN CUSTODY**
23
24
25   Where a witness has been held in custody for more than 10 days, the government has an
26 obligation to prepare a biweekly report stating the reasons why such a witness should not be
27 released with or without the taking of a deposition. Fed. Rules Crim. Proc., Rule 46 (g).
28

- 4 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S. v. Gonzales-Rubio
08 cr 2347

1  The Material Witnesses are not aware of any reasons why they should remain in
2  custody, but to the extent the government knows of any such reason, they hereby request that
3  the government provide them with a copy of a biweekly written report indicating these reasons.

### IV.

### CONCLUSION

For the forgoing reasons, the Material Witnesses respectfully request that this motion for the taking of videotaped depositions be granted.  In the alternative, the Witnesses request that they immediately be provided with a statement of the reasons why they need to remain in custody.

DATED:  July 22, 2008                                    **SCHROTH & SCHROTH**


By: s/Robert E. Schroth Jr.
ROBERT E. SCHROTH, JR,
Attorney for Material Witness

- 5 -

POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEPOSITION

U. S.  v.  Gonzales-Rubio
08 cr 2347

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:08-mj-02047-WMC   Document 9-3   Filed 07/22/2008   Page 6 of 6

Re: <u>USA v. Gonzales-Rubio</u>
Criminal Case No.: 08cr2347
Magistrate Case No: 08mj2047

# PROOF OF SERVICE BY MAIL

## STATE OF CALIFORNIA COUNTY OF SAN DIEGO

I am employed in San Diego, California; I am over the age of eighteen years and am not a party to this action; my business address is 2044 First Avenue, Suite 200, San Diego, CA 92101.

On July 22, 2008, I served the following document(s) described as:

**DECLARATION FOR MOTION FOR VIDEO DEPOSITION, POINTS AND AUTHORITIES, NOTICE OF MOTION FOR VIDEOTAPE DEPOSITION**

on the interested parties in this action by efile service:

Jack J Boltax jbefile@gmail.com, jboltaxlaw@gmail.com

smann@kerrysteigerwalt.com

U S Attorney CR Efile.dkt.gc2@usdoj.gov

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  /s/ Robert E. Schroth Jr.
Robert E. Schroth Jr.

Robert E. Schroth Jr., Esq.-
**SCHROTH & SCHROTH**
2044 First Avenue, Suite 200
San Diego, CA 92101
Telephone: (619) 233-7521